IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.  09-1474 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD JAMES, PAUL LUTTY, | ) | |
| GENE STRASSBURGER, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

CONTI, District Judge

## I.  Introduction

Pending before the court are two motions to dismiss the complaint ("Complaint") (Docket No. 1) filed, pro se, by Joseph Phillips ("Phillips" or "plaintiff").  The first motion to dismiss (Docket No. 7) was filed by judicial defendants Paul Lutty ("Judge Lutty") and Gene Strassburger ("Judge Strassburger").  The second motion to dismiss (Docket No. 12) was filed by individual defendant Richard James ("James" and together with Judge Lutty and Judge Strassburger, "defendants").

## II. Background[1]

**Filings**

On November 5, 2009, Phillips filed the Complaint against James, Judge Lutty and Judge Strassburger seeking monetary damages and retrial by jury alleging that: (1) James violated plaintiff's rights under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., when he entered into a contract with plaintiff for the purchase of a home, knowing that plaintiff was mentally impaired (Compl. ¶ 16); (2) Judge Strassburger violated: a) plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution by not determining competence at the time of trial when plaintiff raised the issue; and b) plaintiff's Sixth Amendment right to effective assistance of counsel (Compl. ¶ 17); and 3) Judge Lutty obstructed justice when he: a) changed a jury trial demand to a non-jury trial, b) withheld award from the docket that denied plaintiff a basis for appeal, and c) overturned the court verdict ruling in plaintiff's favor on December 15, 2008 (Compl. ¶ 18).

On November 12, 2009, Judge Lutty and Judge Strassburger filed a motion to dismiss the Complaint and brief in support (Docket No. 8), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On November 20, 2009, plaintiff filed a motion to strike and motion to amend defendants (the "motion to strike and amend defendants" (Docket No. 10)), requesting to strike Judge Lutty and Judge Strassburger from the Complaint and by amendment to name as a defendant the Commonweath of Pennsylvania. On December 3, 2009, James, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed a motion to dismiss the Complaint. On January 6,

---

[1] For purposes of the motions to dismiss based upon facial attacks for lack of subject-matter jurisdiction all factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. Int'l Fin. Corp. v. Kaiser Grp. Int'l Inc. (In re Kaiser Grp. Int'l Inc.), 399 F.3d 558, 561 (3d Cir. 2005).

2010, plaintiff filed a motion for stay of proceedings (the "motion for stay" Docket No. 16)). Plaintiff requests this court to stay judgment while an appeal is pending in two allegedly linked cases filed with the Court of Common Pleas of the County of Allegheny, Pennsylvania, i.e., AR-08-012191 and GD-09-002758.

On January 21, 2010, plaintiff filed a motion for protection under civil rights acts and the ADA (the "motion for protection" (Docket No. 19)). On April 15, 2010, plaintiff filed a motion to amend the complaint (the "motion to amend" (Docket No. 21)).

**The Complaint**

Plaintiff avers he entered into a contract with James on October 3, 2006, for the purchase of a home and paid James installments in the amount of $11,700. (Compl. ¶¶ 6-7.) On September 5, 2008, James filed a complaint against plaintiff in state court alleging slander with respect to a verbal argument. (Compl. ¶ 8.) Plaintiff contends he received an arbitration award in his favor on December 15, 2008, which James appealed and a trial was scheduled for September 11, 2009. (Compl. ¶¶ 9-10.) On the date of trial plaintiff avers he requested a continuance based upon incompetence to stand trial due to the influence of medications and pain, which Judge Strassburger denied. (Compl. ¶¶ 11-12.) A non-jury trial commenced before Judge Lutty, who rendered a verdict in favor of James. (Compl. ¶¶ 13-14.)

Plaintiff alleges James violated the ADA when James knowingly entered into a contract with plaintiff for the purchase of a home and failed to convey the deed after receiving payment in full. Plaintiff contends James was aware that plaintiff was mentally impaired, intentionally started an argument with plaintiff, and filed a complaint alleging slander against plaintiff. Plaintiff alleges James' slander complaint was an attempt to nullify the obligation to convey the

3

deed, because plaintiff placed a lien upon the home in the amount the court had allegedly wrongfully awarded defendant. (Compl. ¶ 16.)

Plaintiff alleges Judge Strassburger violated his due process rights under the Fifth and Fourteenth Amendments by not determining his competence to stand trial, resulting in a violation of his Sixth Amendment right to assistance of counsel. (Compl. ¶ 17.) Plaintiff alleges Judge Lutty obstructed justice by changing a jury trial demand to a non-jury trial and withheld the award from the docket, thereby denying plaintiff a basis for appeal. (Compl. ¶ 18.)

**Judge Lutty's and Judge Strassburger's Motion to Dismiss**

Judge Lutty and Judge Strassburger move to dismiss plaintiff's Complaint upon five grounds: 1) plaintiff's claims against them in their official capacity are barred by the Eleventh Amendment; 2) plaintiff's claims against them in their official capacity are barred because they are not "persons" subject to suit under 42 U.S.C. § 1983; 3) plaintiff's claims are barred by the Rooker-Feldman doctrine; 4) plaintiff's claims against them in their individual capacities are barred by judicial immunity; and 5) this court may not usurp Pennsylvania's authority over its court system by granting plaintiff's request for a new trial. Plaintiff filed a response to the motion to dismiss, in which he essentially reiterates the claims he filed in the Complaint. Plaintiff, however, did not refute the argument that the claims are barred by the Rooker-Feldman doctrine.

**James' Motion to Dismiss**

James moves to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. James argues that, as an individual, he is not a proper defendant for any claim in violation of the ADA. James contends plaintiff's allegation that James violated the

4

ADA when he failed to convey a deed to plaintiff after receiving payment in full is predicated on an action that was heard before Judge Timothy O'Reilly ("Judge O'Reilly") on November 5, 2009. Allegedly, Judge O'Reilly found plaintiff did not make payment in full to James and entered a verdict in favor of James in the amount of $1,339. James argues that plaintiff's claims based upon this issue are barred under the doctrine of res judicata and by the Rooker-Feldman doctrine.[2]

James contends the underlying facts upon which plaintiff relies in support of his Constitutional claims against Judge Strassburger occurred on separate occasions and with respect to separate litigations. James argues that on September 11, 2009, plaintiff was denied a continuance by Judge Strassburger because plaintiff did not produce any physician's opinion, beyond a list of medications which plaintiff had been on for years, to support his contention that he was unable to go proceed to trial on that day because he was mentally incompetent. Allegedly, plaintiff's request for assistance of counsel was also denied. James states the case proceeded to trial that day and plaintiff argued the matter for approximately two hours before Judge Lutty.

James argues that on November 5, 2009, the date of a different trial, plaintiff presented another motion to Judge Strassburger for continuance in order to seek an attorney. Allegedly, plaintiff's request was denied. Plaintiff objected to James' allegation that plaintiff presented a similar motion for continuance of trial on November 5, 2010 to Judge Strassburger. Plaintiff asserts he requested a continuance to obtain counsel at that time because he was not prepared for trial. He alleges that he did not prepare the motions himself, but had relied upon outside

---

[2] James raises the Rooker-Feldman doctrine for the first time in his reply (Docket No. 18) to plaintiff's motion for stay of proceedings. (Docket No. 16.)

assistance to do so.

While several arguments were presented by defendants in their motions to dismiss, only one argument - the applicability of the Rooker-Feldman doctrine - will be addressed because it is dispositive.

### III. Legal Standards

As a threshold matter this court must determine whether it has subject-matter jurisdiction. In re Orthopedic "Bone Screw" Prods. Liab. Litig. 132 F.3d 152, 155 (3d Cir. 1997) (citing Underwood v. Maloney, 256 F.2d 334 (3d Cir.), cert. denied, 358 U.S. 864 (1958); Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990) (" It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto.") (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, (1986)). Consequently, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila., 657 F.2d 29, 36 (3d Cir.1981) (citing American Fire & Cas. Co. V. Finn, 341 U.S. 6, 71 (1951)).

The burden of establishing subject-matter jurisdiction in the district court lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the court's subject-matter jurisdiction is challenged based upon the sufficiency of the pleading's allegations, i.e., there is a "facial" attack on the pleading, the allegations in the complaint are taken as true and construed in a light most favorable to the complainant. See

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence), abrogated on other grounds by Harlow v. Fitsgerald, 457 U.S. 800 (1982); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1], at 12-51 to 52 (1993).

### IV. Discussion

Judge Lutty and Judge Strassburger raised the issue of subject-matter jurisdiction based upon the allegations in the Complaint. James raised that issue and relied upon the arguments made by Judge Lutty and Judge Strassburger. The court concludes that the issues presented here raise a facial challenge to the court's subject-matter jurisdiction and the court is not required to review evidence extrinsic to the pleadings, except matters of which the court may take judicial notice. See Anspach v. City of Phila., 503 F.3d 256, 273 n.11 (3d Cir. 2007) (court may take judicial notice of public records when ruling on Rule 12(b)(6) motions to dismiss); Pinewood Estates of Mich. v. Barnegat Twp. Leveling Bd., 898 F. 2d 347, 349-50 n.4 (3d Cir. 1990) (proper to treat facial attack under Rule 12(b)(1) under standards applicable to Rule 12(b)(6) motions to dismiss), abrogated on other grounds by Yee v. City of Escondito, Cal., 503 U.S. 519, 526 (1992); Schamerhorn v. United States Dep't of Army, Civ. A. No. 01-914, 2009 WL 774967, at *2 (W.D. La. Mar. 23, 2009) (A facial attack under Rule 12(b)(1) "is treated similarly to motion under Fed. R. Civ. P 12(b)(6).").

The Rooker-Feldman doctrine is applicable in this matter. The Rooker-Feldman doctrine provides that federal district courts lack subject-matter jurisdiction to review a final decision of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with a

7

state court judgment which predates the filing of the federal action. Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992) (citing, inter alia, Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)); see Madera v. Ameriquest Mortgage Co. (In re Madera), 586 F.3d 228, 232 (3d Cir. 2009); see also Purpura v. Bushkin, Gaimes, Gains, Jonas & Stream, 317 F. App'x 263, 265-66 (3d Cir. 2009).

When a plaintiff seeks to litigate a claim in a federal court, the existence of a state court judgment in another case bars the federal proceeding under the Rooker-Feldman doctrine when entertaining the federal court claim would be the equivalent of an appellate review of that order. See Ernst v. Child & Youth Servs., 108 F.3d 486, 491 (3d Cir. 1997). For that reason, the Rooker-Feldman doctrine applies when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual. Under those circumstances, federal claims are inextricably intertwined with the state court's decision. Id. (citing FOCUS v. Allegheny Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). The Rooker-Feldman doctrine precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. FOCUS, 75 F.3d at 840; Blake, 953 F.2d at 71.

This limitation upon federal district court subject-matter jurisdiction derives from 28 U.S.C. § 1257, which provides that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court." 28 U.S.C. § 1257; see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992) (citations omitted). Litigation challenging the correctness of the state court's resolution of the federal question must be through appellate review in the state courts and ultimately may be reviewed by the United States Supreme

8

Court - not by a district court.

In Exxon Mobil Corp. v. Suadi Basic Industries Corp., 544 U.S. 280 (2005), the Court reviewed the Rooker-Feldman doctrine and held that the doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 283-84. The Supreme Court reasoned that, in those instances, federal court complaints should be dismissed for want of subject-matter jurisdiction. Id. "Rooker-Feldman bars a losing party in a state court 'from seeking what in substance would be appellate review of the state judgment in a United State district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Id. (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). The Supreme Court found that the Rooker-Feldman doctrine did not apply in Exxon Mobil because the state court judgment at issue in that decision had not been entered prior to the filing of the federal court action. Id. at 293-94.

Here, the state court judgments referred to in the Complaint predate the filing of this action - thereby implicating the applicability of the Rooker-Feldman doctrine. In essence, plaintiff is asking this court to act as an appellate court and review the prior state court decisions by requesting this court to overturn those decisions. This court concludes that it is divested of subject-matter jurisdiction by reason of the application of the Rooker-Feldman doctrine.

Plaintiff alleges in his Complaint that he was wronged in the Pennsylvania state courts by various orders. Plaintiff now suggests this court can right perceived wrongs that occurred during those state court proceedings. This court, however, is powerless to do so. Were this court to entertain plaintiff's Complaint it would be effectively engaging in appellate review of the

decisions of a Pennsylvania state court, because granting the relief that plaintiff requests would in effect nullify the state courts' judgments.

Any federal constitutional claim asserted by plaintiff is inextricably intertwined with the state court judgments at issue because those claims will succeed only to the extent that the state courts wrongly decided the issues before them. Plaintiff is not asserting a federal claim independent from the prior state court judgments. In other words, plaintiff cannot prevail on his federal claims unless this court finds that the state courts wrongly decided the state court decisions plaintiff seeks to nullify. See FOCUS, 75 F.3d at 840; Blake v. Papadakos, 953 F.2d at 71. Under these circumstances, a lower federal court does not have jurisdiction to review a state court judgment. See Ernst, 108 F.3d at 491 (observing that the United States Supreme Court has exclusive jurisdiction to review decisions of the state courts for compliance with the United States Constitution). "[A]ppellate jurisdiction to reverse or modify a state court judgment is lodged . . . exclusively in [the Supreme] Court. Federal district courts...are empowered to exercise original, not appellate jurisdiction." Exxon Mobil, 544 U.S. at 283. If a plaintiff wishes to reverse or modify a state court judgment in a federal forum, he must file a petition for a writ of certiorari with the United States Supreme Court.

Even if the state courts may not have considered plaintiff's constitutional claims in finding against plaintiff, plaintiff had the opportunity to raise those claims on appeal in the state courts. Parkview Assocs. P'ship v. Lebanon, 225 F.3d 321, 324 (3d Cir. 2000) ("a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court under § 1257, not a separate action in federal court"). Plaintiff appealed the judgment in the case docketed in the Allegheny County Court of Common

Pleas at GD-09-002758 to the Superior Court of Pennsylvania at appeal number 1729 WDA 2009, which quashed the appeal. (See GD-09-002758, Court of Common Pleas, Allegheny County, Pennsylvania.)[3] Plaintiff did not appeal the decision of the Allegheny County Court of Common Pleas filed at AR-08-012191, which reviewed de novo the arbitration decision. (See AR-08-012191, Court of Common Pleas, Allegheny County, Pennsylvania.)[4] The relief requested by plaintiff of this court would effectively render the state court judgments null and void. When a plaintiff has the opportunity to raise his constitutional claims on appeal and fails to do so, the opportunity alone, is sufficient to invoke the applicability of the Rooker-Feldman doctrine. Id.; see Hollins v. Wessel, 819 F.2d 1073, 1074 (11th Cir. 1987). This court must dismiss this action because it lacks subject-matter jurisdiction over plaintiff's federal claims under the Rooker-Feldman doctrine. Because this court lacks subject-matter jurisdiction over plaintiff's claims, it is unnecessary for the court to address defendants' other arguments. Those issues and all subsequent motions filed by plaintiff are moot.

## V. Conclusion

For the reasons stated above, the motion (Docket No. 7) filed by Judge Lutty and Judge Strassburger to dismiss plaintiff's claims against them is GRANTED. Likewise, the motion (Docket No. 12) filed by James to dismiss plaintiff's claims against him is GRANTED. The motions are GRANTED with prejudice because amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that the court does not need to

---

[3] The court may take judicial notice of public records, including judicial proceedings. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (citing Iacaponi v. New Amsterdam Cas. Co., 379 F.2d 311, 311-12 (3d Cir. 1967)).

[4] Id.

11

inform plaintiff that he has leave to amend within a set period of time when the amendment would be inequitable or futile). Plaintiff's remaining motions filed in this matter - the motion to stay (Docket No. 16), the motion for protection (Docket No. 19), and the motion to amend (Docket No. 21) - are DENIED as moot. The clerk shall mark this case closed.

                                                      By the court,

July 8, 2010                                      /s/ JOY FLOWERS CONTI
                                                          Joy Flowers Conti
                                                          United States District Judge

cc:      Joseph S. Phillips
          332 West 14th Street
          Homestead, PA 15120